IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RENE GONZALEZ AYALA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No.:05-1291 (DRD)<br>(Criminal No. 97-076 (DRD)) |

### OPINION AND ORDER

Pending before the Court is Petitioner's *Motion to Set Aside Judgment Pursuant to Rule 60(b)*, dated January 26, 2006 (Docket No. 7). In this motion, Petitioner requests that the Court reconsider its *Order* of September 21, 2005 denying Petitioner's 2255 motion (Docket No. 5).[1] In that *Order*, the Court denied Petitioner's motion on the grounds that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005) did not apply retroactively. Thus, Petitioner was not entitled to re-sentencing. Further, the Court stated that Petitioner had not established a reasonable probability that the Court would impose a more favorable sentence upon him.

In his most recent motion, Petitioner relies upon a non-existent Supreme Court case[2] for the proposition that, where underlying case law for a previous decision is found to be unsound,

---

[1] The Court notes that Petitioner's request would be time barred under Federal Rule of Civil Procedure 59 as it was filed after the 10 day period proscribed by the Rule had expired.

[2] Petitioner cites to Gonzales v. U.S., 162 U.S. 480 (2005). The actual case at 162 U.S. 480 is Campbell v. Porter, an 1896 case dealing with probate of a will.

the case can not stand.[3]  As such, Petitioner claims that the Court should revisit its earlier decision to deny Petitioner's 2255 motion.  Petitioner adds no substantive arguments to bolster this claim.

Motions for reconsideration are generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served.  *See* Perez-Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir. 1993).  It is settled that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment."  Marks 2-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).  Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court.  *See* Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202, FN. 4 (D.P.R. 1999).  These motions are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law.  *See* Prescott v. Higgins, 538 F. 3d 32, 45 (1st Cir. 2008)*; see also* Rivera

---

[3] However, as shown below, the proposition for which Petitioner cited the non-existent case is true.  The Court may grant a reconsideration where there is an intervening change of law.

Surillo & Co. *v.* Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or reargues matters already properly disposed of by the Court. *See e.g.* Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa. 1994)

Here, Petitioner advances no new arguments for why the Courts denial of his 2255 motion was improper. Petitioner cites to no manifest error of law, newly discovered evidence or intervening change in law that supports the notion that the Court's decision in the *Order* of September 21, 2005 should not stand. Rather, Petitioner attempts to raise anew the same arguments which he already made in his 2255 motion. The Court will not grant a reconsideration where Petitioner only attempts to re-litigate the matters he already raised regarding his 2255 motion. Further, the court reiterates that the Petitioner is not entitled to resentencing under U.S. v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), as the First Circuit's opinion in Cirilo-Muñoz v. U.S., 404 F.3d 527 (1st Cir. 2005), still controls, dictating that Booker does NOT apply retroactively. For the reasons stated above, the Court hereby **DENIES** Petitioner's motion for reconsideration.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of December. 2009.

S/Daniel R. Domínguez  
DANIEL R. DOMÍNGUEZ  
U.S. DISTRICT JUDGE